IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| FRACTUS, S.A.,<br><br>v.<br><br>ADT LLC d/b/a ADT SECURITY SERVICES | Civil Action No. 2:22-cv-00412-JRG<br>(Lead Case)<br><br>Jury Trial Requested |
| FRACTUS, S.A.,<br><br>v.<br><br>VIVINT, INC. | Civil Action No. 2:22-cv-00413-JRG<br>(Member Case)<br><br>Jury Trial Requested |

**PROTECTIVE ORDER**

WHEREAS, Plaintiff Fractus, S.A. ("Fractus") and Defendants ADT LLC ("ADT") and Vivint, Inc. ("Vivint"), hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1. Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to

1

such document, information or material ("Protected Material"). The "Producing Party" means the party producing any information, and the "Receiving Party" means any party receiving Information. Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," "RESTRICTED – CONFIDENTIAL ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE." The phrase "CONFIDENTIAL," "RESTRICTED – CONFIDENTIAL ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the phrase "CONFIDENTIAL," "RESTRICTED – CONFIDENTIAL ATTORNEYS' EYES ONLY," or "RESTRICTED  CONFIDENTIAL SOURCE CODE" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL," "RESTRICTED – CONFIDENTIAL ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE."

2.   Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "RESTRICTED – CONFIDENTIAL ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3. With respect to documents, information or material designated "CONFIDENTIAL," "RESTRICTED – CONFIDENTIAL ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, discovery responses, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4. A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED – CONFIDENTIAL ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosure, and

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED – CONFIDENTIAL ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

        providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy the original together with all copies of the inadvertently or unintentionally produced Protected Materials, including any and all documents, information or material containing information or extracts derived from or based on the Protected Materials.

5. "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 12 herein:

    (a)    outside counsel of record in this Action for the Parties;

    (b)    employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

    (c)    in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action and employees regularly assigned (as part of their normal job duties) to and reasonably necessary to assist in such counsel in the litigation of this action;

    (d)    up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

  (e)  outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action[2]; (2) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the Producing Party with: (i) the individual's name and business title; (ii) business address; (iii) business or profession; (iv) a current curriculum vitae; (v) any previous or current relationship (personal or professional) with any Party; and (vi) a list of other cases in which the individual has testified (at trial or deposition) within the last five (5) years at least ten (10) days before access to the Protected Material is to be given to that consultant or Undertaking to object to and notify the Receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the sufficiency of the objection. No disclosure shall occur until all such objections are resolved by agreement or Court order;

---

[2] To be clear, this statement is not intended to prohibit any outside consultants or experts who are retained on behalf of the Party for other litigations or for any proceedings before the United States Patent and Trademark Office ("USPTO"), including any Inter Partes Review ("IPR"), Post-Grant Review ("PGR"), and Covered Business Method ("CBM") Review before the Patent Trial and Appeal Board ("PTAB") from acting as an outside consultant or expert in this Action.

(f)     independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action. All such litigation support service providers shall complete the Undertaking attached as Appendix A hereto before access is to such Protected Materials are provided;

(g)     the Court and its personnel;

(h)     any witness in a deposition or trial providing sworn testimony where the use of such Protected Materials are necessary for the purpose examining that witness. Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the Undertaking attached hereto as Appendix A are present at those proceedings. Use of Protected Materials with a witness shall be subject to the limitations outlined in paragraph 14 herein. Provided, however, that there shall be a presumption (and therefore no need for notice) that any deposition of (1) a current employee of the Producing Party and (2) expert witnesses will use Protected Materials;

(i)     any mediator who is assigned to hear this matter, and his or her staff, subject to the agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(j)     an author, signatory, or prior recipient of the document or the original source of the DESIGNATED MATERIAL. Such person shall be given access only to the specific document or information therein.

6

6.  A Party shall designate documents, information or material as "CONFIDENTIAL," "RESTRICTED – CONFIDENTIAL ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7.  Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.  To the extent a Producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the Producing Party may designate such Protected Material "RESTRICTED – CONFIDENTIAL ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the Producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE." A Party's

agreement to the entry of this Protective Order shall not be deemed an admission that the Party has relevant Source Code or that the Party must produce Source Code in this lawsuit.

9. For Protected Material designated RESTRICTED - CONFIDENTIAL ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-b) and (e-j).

10. At this time, the Parties do not contemplate source code production, but if it becomes necessary, they will propose a supplemental protective order before source code is reviewed.

11. Prosecution Bar.

   (a) Any attorney representing a Party and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated RESTRICTED - CONFIDENTIAL ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL that is technical in nature under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of the Receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals.

   (a) The participation of any individual in any post-grant proceeding before the U.S. Patent and Trademark Office (including the Patent Trial and Appeal Board) regarding the patents asserted in this Action shall not be prohibited under the patent

prosecution bar of this Paragraph 11.

(b) Nothing in this Prosecution Bar shall prevent any attorney from communicating with or sending any prior art or other litigation materials to the client's patent prosecution counsel, or client's post-grant proceeding counsel for the purpose of ensuring that such materials are submitted to the USPTO (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor and/or to avoid a finding of inequitable conduct. If the foregoing prior art or other litigation materials sought to be disclosed by the attorney were designated "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," and/or "RESTRICTED CONFIDENTIAL SOURCE CODE" by the Producing Party, then the attorney may provide copies of said confidential materials to his/her client's patent prosecution or post-grant proceeding counsel only if the Producing Party agrees to this submission or, if agreement cannot be reached, upon order of the Court. To the extent that the Parties reach agreement or the Court orders the submission of the confidential materials, then that confidential material may be submitted to the USPTO (or any similar agency of a foreign government), and will be submitted under seal and in accordance with the USPTO (or foreign office) rules and regulations for such documents. The counsel involved in prosecution or post-grant proceedings to whom Protected Material is provided pursuant to this paragraph shall not be subject to the Prosecution Bar, notwithstanding the Protected Material also being Prosecution Bar Materials.

12. Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the Producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the Producing Party.

13. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

14. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to

have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the Producing Party or a current or former officer, director or employee of a company affiliated with the Producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation authorized under paragraph 5(e); (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the Producing Party or from the Court.

15. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a final deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED – CONFIDENTIAL ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as "RESTRICTED – CONFIDENTIAL ATTORNEY' EYES ONLY."

16. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

17. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

18. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

19. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

20. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

21. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "RESTRICTED - CONFIDENTIAL ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

22. The provisions of this Order shall continue to be binding after final termination of this case until a Producing Party agrees otherwise in writing or a court order otherwise directs. Within sixty (60) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes,

summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall be destroyed. The Receiving Party shall verify the destruction by affidavit furnished to the Producing Party, upon the Producing Party's request. Notwithstanding the foregoing, outside counsel of record shall be entitled to maintain copies of all pleadings, expert reports, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts and hearing transcripts, and exhibits offered or introduced into evidence at any hearing or trial, emails and their attachments, and their attorney work product which refers or is related to any Protected Material for archival purposes only. Any such archived copies that contain or constitute Protected Material remain subject to this Order and shall be maintained in confidence by outside counsel for the Party retaining the materials. This provision does not apply to the Court, including court personnel and the Court's reporter. Any destruction obligations under this Protective Order shall not apply to electronically-stored information in archival form stored on backup tapes or computer servers that are created only for disaster recovery purposes, provided that such electronic archives are not used as reference materials for a Receiving Party's business operations.

23. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and

material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

24. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

25. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

26. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

27. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

**So ORDERED and SIGNED this 10th day of February, 2023.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

15

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **FRACTUS, S.A.,** § § § | | |
| v. | § § § | Civil Action No. 2:22-cv-00412-JRG (Lead Case) |
| **ADT LLC d/b/a ADT SECURITY SERVICES** | § § § | Jury Trial Requested |
| **FRACTUS, S.A.,** | § § § | |
| v. | § § § | Civil Action No. 2:22-cv-00413-JRG (Member Case) |
| **VIVINT, INC.** | § § § § | Jury Trial Requested |

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER**

I, _____, declare that:

1. My address is _____.

   My current employer is _____.

   My current occupation is _____.

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "RESTRICTED - CONFIDENTIAL ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4. Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "RESTRICTED - CONFIDENTIAL ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____