IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| FRACTUS, S.A., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2:22-cv-00412-JRG |
| ) | |
| vs. ) | Jury Trial Requested |
| ) | |
| ADT LLC d/b/a ADT Security Services, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT ADT LLC'S OPPOSITION TO PLAINTIFF FRACTUS, S.A.'S
MOTION TO COMPEL RESPONSES TO FRACTUS' INTERROGATORY NO. 10 AND
PRODUCTION OF DOCUMENTS REGARDING THE BENEFITS OF CELLULAR
CONNECTIVITY TO ADT AND ITS CUSTOMERS**

███████████████████████████████████████

**I.     INTRODUCTION**

ADT has produced accurate purchase, distribution, and installation data as used and relied upon in ADT's business, and fully responsive to Fractus' discovery requests. Notwithstanding this, ADT will supplement its response to Fractus' Interrogatory No. 10 and agrees to provide an additional 30(b)(6) deposition for a corporate representative to testify regarding the purchase and installation data.  Thus, Fractus' request is moot.

In seeking an order to compel documents that have discussed ███████ or the benefits of cellular connectivity, Fractus materially expands its discovery requests after the close of fact discovery, and in a manner that is unduly burdensome and not relevant to any claim or issue in this case.  However, ADT agrees to provide a declaration to the Court regarding its thorough search efforts for such documents.  ADT opposes Fractus' motion to compel depositions of the authors of the website and annual report statements Fractus has identified.

**II.    ARGUMENT**

   **A.    ADT Has Provided Accurate Purchase and Install Data Yet Also Agreed to Produce a 30(B)(6) Witness**

Fractus contends that ADT's produced documentation is "starkly insufficient productions of relevant materials." Dkt. 114 at 4.  To the contrary, ADT has accurately produced (and supplemented) the data that it uses and relies upon in the operation of its business ███

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

from the respective systems in which that data is maintained.  The disconnect lies in Fractus' continued requests for data that ADT does not necessarily maintain in the operation of its

████████████████████████

business, and Fractus' ongoing misunderstanding of both ADT's business and the nature of the data that ADT has accurately produced.

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████

████████████████████████████████████████

████████████████████████████

████████████████████████ Dkt. 114 at 4.  The ████████

████████████████████████

████ ADT_FRACTUS_0008960 (B:28 "████████████████████").

████████████████████████████████████████

████████████████████████████████████████

████████████ *See*, Ex. A at 28:21-29:24. ████████████████

████████████████████████████

████████████████████████████████████████

████ is not indicative that it is "entirely missing" from ADT's discovery production. ██

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

---

█████████████████████████████████████████

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮

Notwithstanding this, ADT will serve a supplemental response to Interrogatory No. 10 to further clarify the nature of the purchase and installation data that it has accurately produced. Further, ADT agrees to produce a corporate representative to testify on ADT_FRACTUS_0008960, ADT_FRACTUS_0009199, and ADT_FRACTUS_0009948. Therefore, Fractus' requests as to ADT's production of this data are moot.

**B.  ADT Has Already Produced Any Documents Responsive to Fractus' Discovery Request Regarding Benefits of Cellular Connectivity**

Fractus states that it "tried to get ADT to search for and produce documents 'demonstrating the benefits and/or importance of cellular functionality in the Accused Products to consumers or to ADT.'" Dkt. 114 at 5. To the contrary, ADT has fully satisfied Fractus' meandering series of discovery requests that appear to relate to what it is requesting in its motion. As a threshold matter, Fractus has never served on ADT a request for documents demonstrating the "benefits of cellular connectivity to consumers or to ADT." *Id.* at 7.

Per the ESI Order (Dkt. 60), Fractus served Email Production Requests on ADT, detailing the custodians to be searched and the search terms to be used. ADT has previously confirmed to Fractus that it produced every non-privileged email that resulted from the search. *See*, ADT_FRACTUS_0009941. Though the ESI Order allows for more searches, Fractus has neither modified its search terms, nor requested that ADT perform a new search.

As has been explained to Fractus and testified to by ADT's 30(b)(6) designees in their depositions, ADT does not provide cellular services to its customers; rather, ADT provides a security system monitoring service (primarily using a customer's home phone or broadband—using cellular when ADT determines it is needed) and home automation solutions. As such, it is

not surprising that ADT has limited documents that would relate to the benefits of cellular connectivity to consumers, as ▓▓▓▓ testified:

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Counsel for Fractus similarly questioned ▓▓▓▓, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Again, when asked by Fractus, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Fractus bases its request to this Court solely on its mischaracterization of the statements in public ADT documents that were not responsive to its requests or relevant to the claims and issues in this case. Fractus first references statements on an ADT webpage that discusses cellular connectivity to ADT. Dkt. 114 at 5. However, the website to which Fractus refers merely lays out options for backup communications channels, including a phone line or cellular connection, for monitoring services. *See* ADT Support Center, *Do I need a Landline for My ADT Monitored Security System?* (Oct. 25, 2023), help.adt.com/s/article/Do-I-Need-a-Landline-for-My-ADT-

4

███████████████████████████████████████

Monitored-Security-System. For homes without a landline, CellGuard is introduced as an alternative to a landline to maintain continuous communication with the ADT monitoring center. *See id.* In fact, nowhere on the webpage is any discussion about any "benefits" of cellular connectivity. *See generally id.*

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
████████████████

Fractus then mischaracterizes ADT's 10-K filing as including statements regarding the benefits of cellular connectivity for consumers. However, that document makes no such statements, as ███████, explained during his deposition:



███████ stated further during his deposition that ADT would ███████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████

███████████████████████████████████████████ ADT has been clear on the record in its depositions and throughout discovery and in response to Fractus' meandering requests in this area that it has conducted a diligent search for and produced any documents it could find responsive to Fractus' requests relative to the benefits and/or importance of cellular connectivity in the Accused Products (whether to ADT or to consumers).

Lastly, Fractus asks the Court to "require ADT to identify and produce for deposition the authors of the website and annual report statements which Fractus has identified or which are subsequently produced regarding the benefits of cellular connectivity to ADT and its consumers." Dkt. 114 at 7. Fractus' demand is improper and unreasonable. The deadline for fact discovery has passed. *See Grey v. Dallas Indep. Sch. Dist.*, 265 F. App'x. 342, 348 (5th Cir. 2008) (finding no abuse of discretion where district court denied a motion to compel discovery when "it was filed on the day of the discovery deadline after an extensive discovery period"); *see also Olivas v. U.S. Steel Corp.*, No. 2:11-CV-307-JRG, 2012 WL 5270136, at *1 (E.D. Tex. Oct. 24, 2012). Fractus had ample opportunity to request corporate witnesses on these topics within the discovery period, but failed to do so. Fractus should not be permitted access to such corporate testimony now, especially when the testimony would have little relevance to the actual issues in this case or reasonably lead to any relevant admissible evidence. Further, any testimony by authors of ADT's annual report statements are protected from disclosure under privilege.

ADT has performed a thorough search for documents responsive to Fractus' discovery requests and agrees to provide a declaration detailing its search efforts for documents responsive to those discovery request that relate to "demonstrating the benefits and/or importance of cellular functionality in the Accused Products to consumers." Dkt. 114 at 5. ADT requests that the

Court deny Fractus' request to compel the authors of the website and annual report statements for deposition.

### III. CONCLUSION

With respect to the purchasing, distribution, installation, of the Accused Products, ADT has already produced accurate data, agrees to supplement its response to Fractus' Interrogatory No. 10, and agrees to provide an additional 30(b)(6) deposition for a corporate representative to testify regarding that purchase and installation data.

With respect to documents demonstrating the importance of cellular functionality, ADT has already performed a thorough search for documents and agrees to provide a declaration regarding its efforts. ADT asks the Court to deny Fractus' request for depositions of the authors of ADT's website and annual report statements.

Date: March 7, 2024

Respectfully Submitted By:

*/s/ Michael E. Zeliger*
Steven Tepera (24053510)
**Pillsbury Winthrop Shaw Pittman LLP**
steven.tepera@pillsburylaw.com
401 Congress Avenue, Suite 1700
Austin, TX 78701-3797
Phone: 512.580.9600
Fax: 512.580.9601

Michael E. Zeliger (*pro hac vice*)
Ranjini Acharya (*pro hac vice*)
**Pillsbury Winthrop Shaw Pittman LLP**
michael.zeliger@pillsburylaw.com
ranjini.acharya@pillsburylaw.com
2550 Hanover Street
Palo Alto, CA 94304-1115
Telephone: 650.233.4500
Fax: 650.233.4545

David A. Simons (*pro hac vice*)
**Pillsbury Winthrop Shaw Pittman LLP**
david.simons@pillsburylaw.com

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

        1650 Tysons Boulevard, 14th Floor
        McLean, VA 22102-4856
        Phone: 703.770.7900
        Fax: 703.770.7901

        Eric C. Rusnak
        Theresa A. Roozen (*pro hac vice*)
        **Pillsbury Winthrop Shaw Pittman LLP**
        eric.rusnak@pillsburylaw.com
        theresa.roozen@pillsburylaw.com
        1200 17th St NW
        Washington, DC 20036
        Phone: 202.663.8000
        Fax: 202.663.8007

        *Attorneys for Defendant ADT LLC*

## CERTIFICATE OF SERVICE

I certify that I caused the foregoing document to be transmitted to counsel for Fractus via electronic service on March 7, 2024.

*/s/ Michael E. Zeliger*
Michael E. Zeliger
