███████████████████

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **FRACTUS, S.A.,** | **Civil Action No.  2:22-cv-00412-JRG** |
| **Plaintiff,** | |
| **v.** | |
| **ADT LLC d/b/a ADT SECURITY SERVICES** | Jury Trial Requested |
| **Defendant.** | |

### JOINT PROPOSED PRETRIAL ORDER[1]

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and this Court's Fourth Amended Docket Control Order (Dkt. 200), Plaintiff Fractus, S.A. ("Fractus" or "Plaintiff") and Defendant ADT, LLC d/b/a ADT Security Services ("ADT" or "Defendant") (collectively, the "parties") submit this Joint Proposed Pretrial Order.

## I.    COUNSEL FOR THE PARTIES

**Plaintiff:**

Max L. Tribble
TX State Bar No. 20213950
mtribble@susmangodfrey.com
Joseph S. Grinstein
TX State Bar No. 24002188
jgrinstein@susmangodfrey.com
Justin A. Nelson
TX State Bar No. 24034766

---

[1] Excluding the Nature of Action and the Contentions of the Parties sections, submissions proposed by Fractus that are not agreed to by ADT are bracketed and highlighted in blue, and submissions proposed by ADT that are not agreed to by Fractus are bracketed and highlighted in green.

1

jnelson@susmangodfrey.com
**Susman Godfrey L.L.P.**
1000 Louisiana, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

Genevieve Vose Wallace
WA State Bar No. 38422
gwallace@susmangodfrey.com
Kelsey Tuohy
ktuohy@susmangodfrey.com
**Susman Godfrey L.L.P.**
401 Union Street, Suite 3000
Seattle, WA 98101
Phone: (206) 516-3880
Fax: (206) 516-3883

J. Craig Smyser
TX State Bar No. 24117083
csmyser@susmangodfrey.com
**Susman Godfrey L.L.P.**
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

S. Calvin Capshaw
TX Bar No. 03783900
ccapshaw@capshawlaw.com
Elizabeth L. DeRieux
TX Bar No. 05770585
ederieux@capshawlaw.com
**Capshaw Derieux, L.L.P.**
114 East Commerce Avenue
Gladewater, Texas 75647
Telephone: (903) 845-5770

T. John Ward, Jr.
TX Bar No. 00794818
jw@wsfirm.com
Claire Abernathy Henry
TX Bar No. 24053063
claire@wsfirm.com

████████████████████████████

Andrea L. Fair
TX Bar No. 24078488
andrea@wsfirm.com
**Ward, Smith & Hill, PLLC**
P.O. Box 1231
Longview, Texas 75606-1231
Telephone: (903) 757-6400
Facsimile: (903) 757-2323


**Defendant:**

Michael E. Zeliger (*pro hac vice*)
California Bar No. 271118
michael.zeliger@pillsburylaw.com
Ranjini Acharya (*pro hac vice*)
California Bar No. 290877
ranjini.acharya@pillsburylaw.com
**Pillsbury Winthrop Shaw Pittman LLP**
2550 Hanover Street
Palo Alto, CA 94304-1115
Telephone: 650.233.4500
Fax: 650.233.4545


Steven Tepera
Texas State Bar No. 24053510
steven.tepera@pillsburylaw.com
**Pillsbury Winthrop Shaw Pittman LLP**
401 Congress Avenue, Suite 1700
Austin, TX 78701-3797
Phone: 512.580.9600
Fax: 512.580.9601

David A. Simons (*pro hac vice*)
david.simons@pillsburylaw.com
Virginia State Bar No. 41902
Theresa A. Roozen (*pro hac vice*)
theresa.roozen@pillsburylaw.com
Virginia State Bar No. 95512
**Pillsbury Winthrop Shaw Pittman LLP**
1650 Tysons Boulevard, 14th Floor
McLean, VA 22102-4856
Phone: 703.770.7900

3

Fax: 703.770.7901

Eric C. Rusnak
DC Bar No. 491254
eric.rusnak@pillsburylaw.com
**Pillsbury Winthrop Shaw Pittman LLP**
1200 17th St NW
Washington, DC 20036
Phone: 202.663.8000
Fax: 202.663.8007

Melissa Richards Smith
Texas State Bar No. 24001351
melissa@gillamsmithlaw.com
Gillam & Smith, LLP
303 South Washington Avenue
Marshall, TX 75670
Phone: 903-934-8450
Fax: 903-934-9257

Andrew Thompson (Tom) Gorham
Texas State Bar No. 24012715
tom@gillamsmithlaw.com
Gillam & Smith LLP
McKellar L Karr
Texas State Bar No. 24114356
mckellar@gillamsmithlaw.com
102 N College, Suite 800
Tyler, TX 75702
Phone: 903-934-8450
Fax: 903-934-9257

## II.      STATEMENT OF JURISDICTION

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331

and 1338(a) because this action arises under the patent laws of the United States, including 35

U.S.C. § 1 *et seq*. The parties do not contest subject matter or personal jurisdiction in this case.

4

**III.     NATURE OF ACTION**

This is an action for infringement wherein Fractus will seek to prove that ADT has infringed and/or continues to infringe certain claims of U.S. Patent Nos. 8,456,365, 8,674,887, and 8,738,103 (collectively "Asserted Patents" or "patents-in-suit"). Fractus alleges that ADT infringes pursuant to 35 U.S.C. § 271(a) and 35 U.S.C. § 271(b). Fractus also will seek to demonstrate that this is an exceptional case pursuant to 35 U.S.C. § 285 and that ADT willfully infringed pursuant to 35 U.S.C. § 284. Fractus seeks damages to compensate for ADT's infringement in an amount no less than a reasonable royalty, as well as attorneys' fees, costs, and enhancement of damages. Fractus denies ADT's defenses and the allegations underlying them.

ADT denies these allegations and asserts the following defenses: (1) non-infringement; (2) invalidity; (3) statutory limitation on remedies; (4) failure to mark; and (4) no equitable relief.

ADT denies that it has ever infringed the patents-in-suit and denies that it has ever induced infringement of the patents-in-suit.  ADT contends that the asserted products lack limitations required by the Asserted Claims.  ADT denies that, if any infringement is found, infringement was willful. ADT denies that Fractus has complied with the marking requirement under 35 U.S.C. § 287.  ADT denies that Fractus provided actual notice of infringement to ADT of the patents-in-suit prior to filing the complaint.

ADT contends that every Asserted Claim is invalid and unenforceable for failing to satisfy one or more requirements for patentability under the patent laws of the United States, as set forth in Title 35 of the United States Code, including without limitation, the requirements set forth in sections 102, 103 and/or 112. ADT contends that all the Asserted Claims are invalid because the claims are anticipated and/or obvious in view of the prior art under Sections 102 and/or 103. ADT

contends that all Asserted Claims also do not meet the requirements of Section 112, including each of the written description, enablement, and definiteness requirements.

ADT denies that any damages are owed, including pre- and post-judgment interest.  ADT further contends that Fractus is not entitled to attorneys' fees and costs.

ADT contends that it is entitled to costs, expenses, and disbursements in this action, including reasonable attorney fees, pursuant to 35 U.S.C. § 285.

## IV.   CONTENTIONS OF THE PARTIES

The parties set forth below a summary of their contentions for trial. The parties do not necessarily agree with each other's summaries and contentions for trial and reserve all rights and objections. The parties provide the following statements of contentions without waiver of any claim or defense pled, any response given during discovery, any opinion expressed by their experts, or any argument the parties have presented in the case that the Court may rule against. By providing these contentions, the parties do not waive any of their pending motions or their rights to appeal any motions that may be lost.

Plaintiff's Contentions:

The following contentions represent Fractus's attempt to narrow claims and devices for the purpose of trial. Fractus reserves all rights and does not admit that ADT does not infringe other claims of the patents that have been asserted in this action. These contentions are based on the incomplete information which ADT has produced thus far in this matter. Fractus reserves all rights to supplement or amend its claims and devices to incorporate those removed for purposes of these contentions. This missing information directly relates to Fractus's damages case and, to the extent ADT's information remains incomplete, Fractus intends to raise this issue to the Court and/or Jury as appropriate.

1.      Fractus denies each of ADT's contentions.

2.      Fractus is a foreign corporation duly organized and existing under the laws of Spain with its principal place of business in Barcelona, Spain.

3.      Fractus is the assignee and owner of U.S. Patents Nos. 8,456,365, 8,674,887, and 8,738,103 (collectively "Asserted Patents") through assignment on August 29, 2005 ('887 Patent), June 27, 2006 ('365 Patent), and February 19, 2007 ('103 Patent), to Fractus from the named inventors.

4.      Fractus owns all right, title, and interest in and to the patents-in-suit and possesses all rights of recovery.

5.      Fractus contends, for purposes of the trial of this action, that ADT's Accused Products infringe the following claims (the "Asserted Claims") of the patents-in-suit:

| Patent | Asserted Claims |
|---|---|
| 8,456,365 | 1, 4, 13, 31, 36, and 41 |
| 8,674,887 | 1 and 7 |
| 8,738,103 | 12 and 15 |

6.      To the extent, Fractus further narrows its claims for purposes of trial, Fractus reserves all rights and does not admit that ADT does not infringe other claims of the patents that have been asserted in this action.

7.      Fractus contends that ADT has directly or indirectly infringed all of the Asserted Claims of the Patents-in-Suit.

8.      Fractus contends, for purposes of the trial of this action, that the Accused Products consist of home alarm devices that enable ADT to remotely monitor a customer's home over cellular connections. These products fall into three categories.

9.      First, there is a group of panels where the cellular antenna is included within the control panel. In this group, the cellular antenna is built-in within the panel. Fractus contends, for purposes of the trial of this action, that ADT's Accused Products in this category infringe the following claims of the patents-in-suit:

| Product | Patent(s) and Claims Infringed |
|---|---|
| IQ Panel 2 | '103 Claims 12 and 15 <br> '365 Claims 31, 36, 41 |
| IQ Panel 2+ | '103 Claims 12 and 15 <br> '365 Claims 31, 36, 41 |
| IQ Panel 4 | '887 Claims 1, and 7 |
| 2GIG-EDG-NA-A | '887 Claims 1 and 7; <br> '365 Claims 1, 13, 31, 36, and 41 |
| 2GIG-EDG-NA-V | '887 Claim 1; <br> '365 Claims 1, 13, 31, 36, and 41 |

10.     Second, there is a group of panels that also include a module within which the cellular antenna is contained. Unlike the first group, the cellular module in these panels can be removed or swapped out and thus it is the combined device which infringes. Fractus contends, for purposes of the trial of this action, that ADT's Accused Products in this category infringe the following claims of the patents-in-suit:

| Cellular Module | Panel Compatibility—Patent(s) and Claims Infringed |
|---|---|
| 3GVLP-ADT | ███████ LYNX Plus L3000:<br><br>'887 Claim 1<br><br>'365 Claims 1, 4, 13, 31, 36, and 41 |
| 4GVLP-ADT | ███████ LYNX Plus L3000:<br><br>'887 Claim 1<br><br>'365 Claims 1, 4, 13, 31, 36, and 41 |
| ADTLTE-A | Any of ADT Command 5" Touchscreen ADT5AIO (8DL-GRIPAIO5A) or ADT Command 7" Touchscreen ADT7AIO (8DL-GRIPAIO7A):<br><br>'103 Claims 12 and 15<br><br>'887 Claims 1 and 7<br><br>'365 Claims 1, 4, 13, 31, and 41<br><br>Any of ADT Command LCD ADT2X16AIO (8DL-GRIPDF1) or ADT Command Hybrid Hardwired ADTHYBWL (8DL-GRIPH):<br><br>'887 Claims 1 and 7<br><br>'365 Claims 1, 4, 13, 31, and 41 |

██████████████████████████████

| | |
|---|---|
| ADTLTE-V | Any of ADT Command 5" Touchscreen ADT5AIO (8DL-GRIPAIO5A) or ADT Command 7" Touchscreen ADT7AIO (8DL-GRIPAIO7A):<br><br>'103 Claims 12 and 15<br><br>'887 Claims 1 and 7<br><br>'365 Claims 1, 4, 13, 31, and 41<br><br>Any of ADT Command LCD ADT2X16AIO (8DL-GRIPDF1) or ADT Command Hybrid Hardwired ADTHYBWL (8DL-GRIPH):<br><br>'887 Claims 1 and 7<br><br>'365 Claims 1, 4, 13, 31, and 41 |
| LTE-L3A | ████████ LYNX Plus L3000:<br><br>'887 Claims 1 and 7<br><br>'365 Claims 1, 4, 13, 31, 36, and 41 |
| LTE-L3V | ████████ LYNX Plus L3000:<br><br>'887 Claims 1 and 7<br><br>'365 Claims 1, 4, 13, 31, 36, and 41 |
| LTEL5A-ADT | ████████ LYNX Touch L5000:<br><br>'103 Claims 12 and 15<br><br>'887 Claims 1 and 7<br><br>'365 Claims 1, 4, 13, 31, 36, and 41 |
| LTEL5V-ADT | ████████ LYNX Touch L5100:<br><br>'103 Claims 12 and 15<br><br>'887 Claims 1 and 7<br><br>'365 Claims 1, 4, 13, 31, 36, and 41 |

11.     Third, there is a group of Accused Products where the cellular antenna is included within a separate cellular module. That cellular module is not included within the panel itself but can be added to provide cellular connectivity to the panel. None of the alarm panels that require a separate cellular module from this group are by themselves accused of infringement, but rather the module is the infringing device which may be used alone or in combination with various panels. Fractus contends, for purposes of the trial of this action, that ADT's Accused Products in this category infringe the following claims of the patents-in-suit:

| Cellular Module | Patent(s) and Claims Infringed |
|---|---|
| LTEM-XA | '365 Claims 1, 4, 13, 31, and 41 |
| LTEM-XV | '365 Claims 1, 4, 13, 31, and 41 |
| LTE-XA | '887 Claims 1 and 7<br><br>'365 Claims 1, 4, 13, 31, 36, and 41 |
| LTE-XV | '887 Claims 1 and 7<br><br>'365 Claims 1, 4, 13, 31, 36, and 41 |
| LTE-IA | '887 Claims 1 and 7<br><br>'365 Claims 1, 4, 13, 31, 36, and 41 |
| LTE-IV | '887 Claims 1 and 7<br><br>'365 Claims 1, 4, 13, 31, 36, and 41 |

12.     Fractus contends that the asserted claims of the Asserted Patents are entitled to the priority dates reflected in the following chart:

| Patent | Claim Number(s) | Priority Date |
|---|---|---|
| 8,456,365 | 1, 4, 13, 31, 36, and 41 | December 5, 2003; the date on which Fractus proposed the design of the Bellwave CL100 antenna. |
| 8,674,887 | 1 and 7 | April 4, 2002; the date of Fractus's document "Estudio sobre Monopolos de dos Ramas para Moles-Nokia" |

| 8,738,103 | 12 and 15 | June 19, 2006; the date of Fractus's presentation "Definition of the Invention" |
|---|---|---|

13.     Fractus contends that each of the patents-in-suit has been issued by the United States Patent and Trademark Office ("USPTO") and therefore is entitled to a presumption of validity, and that ADT cannot prove by clear and convincing evidence that any of the asserted claims is invalid as anticipated or obvious in view of prior art under 35 U.S.C. §§ 102 and/or 103 or for lack of written description, definiteness, and/or enablement under 35 U.S.C. § 112.

14.     Fractus contends that it is entitled to damages, together with interest (both pre-judgment and post-judgment), adequate to compensate it for ADT's infringement, in an amount no less than a reasonable royalty, for the use made of the invention by ADT.

15.     Fractus contends that ADT had knowledge of the patents-in-suit and notice of their infringement at least as of June 9, 2021. Fractus further contends ADT had actual notice of their infringement of the patents-in-suit, at least as of the filing of Fractus's complaint on October 21, 2022.

16.     Fractus contends that the Eastern District of Texas is a proper venue for this suit.

17.     Fractus contends that ADT willfully infringed and Fractus is therefore entitled to treble damages and attorneys' fees pursuant to pursuant to 35 U.S.C. § 284.

18.     Fractus contends that this is an exceptional case and that Fractus therefore is entitled to treble damages and attorneys' fees pursuant to 35 U.S.C. § 285.

19.     Fractus additionally objects to ADT's contentions that (a) were not properly disclosed pursuant to the Court's Local and Patent Rules, other orders of the Court in this case,

and the Federal Rules of Civil Procedure; (b) that are currently subject to a pending motion in this matter; or (c) that are inconsistent with the factual record or the law.

20.     Fractus does not waive any pending or future motions which would render some or all of the issue in either party's contentions moot.

21.     That a contention appears in ADT's contentions does not mean that Fractus agrees or admits that the contention is now or has previously been live in this case.

<u>Defendant's Contentions:</u>

ADT reserves all rights and denies that it infringes any claims of the patents-in-suit. ADT asserts that it has fully complied with all of its obligations in discovery, including timely providing documents and fact witnesses to address the "Fractus's damages case."   Moreover, ADT voluntarily provided data and information to Fractus beyond that which it maintains in the ordinary course of business and which was specifically created in response to Fractus' ongoing and untimely demands for additional discovery.  ADT reserves all rights to supplement or amend its claims and defenses to incorporate any information that it has produced in response to Fractus' untimely requests and ongoing discovery demands.

1.     ADT denies all of Fractus' claims.

2.     ADT denies all of Fractus' responses to ADT's affirmative defenses.

3.     ADT denies that it has infringed, directly or indirectly, any Asserted Claim of the patents-in-suit, literally, under the doctrine of equivalents, directly or indirectly. ADT also denies that any alleged infringement was willful.  ADT also denies that Fractus is entitled to any money damages.

████████████████████████████████████████

4.    ADT denies that it has induced infringed any Asserted Claim of the patents-in-suit, literally, under the doctrine of equivalents, directly or indirectly.

5.    ████████████████████████████████████████

████████████████████████████████████████

████████████████████████

6.    ADT contends that it has no record ████████ activating certain Accused Products during the relevant time period, including the ADC-FLEX-100-VZ and the BAT-CONNECT-V.

7.    ADT contends that Fractus improperly characterizes the Accused Products.  The first group is a set of panels with internal cellular radios and antennas.  The second group are the combination of panels and internal cellular radios.  The third group are products where the cellular antenna is included within a cellular radio that is separate from a panel.

8.    ADT also contends that every Asserted Claim is invalid and unenforceable under 35 U.S.C. §§ 102 and/or 103. The Asserted Claims are invalid for the reasons stated in the Defendant's invalidity contentions and the expert report of Dr. Manos Tentzeris.  In particular, ADT contends that:

- the '365 patents, claims 1, 4, 13, 31, 36, and 41 are invalid in view of PCT Application WO 99/03166 to Gamalielsson et. al., ("Gamalielsson") published on January 21, 1999, in view of U.S. Patent No. 6,198,442 to Rutkowski et. al., ("Rutkowski") published on March 6, 2001;

- the '365 patents, claims 1, 4, 13, 31, 36, and 41 are invalid in view of Gamaleilsson in view of PCT Application WO 2004/042868 to Soler Castany

14

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

et. al., ("Soler Castany") published on May 21, 2004 with an international filing date of November 7, 2002, in further view of Rutkowski;

- the '887 patent, claims 1 and 7 are invalid in view of Gamalielsson and/or the IEEE printed publication to Gianvittorio and Rahmit-Samii ("Gianvittorio") published in 2000;

- the '103 patent, claims 12 and 15 are invalid in view of U.S. Patent No. 6,239,765 to Johnson et al. ("Johnson") filed on August 24, 1999, and U.S. Patent Application Publication No. 2007/0238483 to Boireau et al. ("Boireau"), filed April 5, 2006, published October 11, 2007; and

- the '103 patent, claims 12 and 15 are invalid in view of U.S. Patent Application Publication No. 2003/0189522 to Zeilinger ("Zeilinger") published October 9, 2003 and Boireau.

9.     ADT also contends that all Asserted Claims do not meet the requirements of Section 112, including each of the written description, enablement, and definiteness requirements.

10.     ADT further contends that Fractus failed to provide actual notice of infringement prior to filing the complaint in this action. Neither the June 9, 2021 nor February 14, 2022 correspondence gave ADT actual notice of Fractus' claim of infringement by ADT's products and ADT acted reasonably after receiving those letters. Moreover, the letters did not allege infringement of the '103 patent. ADT contends that Fractus has failed to meet its burden of proof as to willful infringement.

11.     ADT contends that Fractus is not entitled to damages because Fractus and/or Fractus's licensee(s) failed to mark patent-practicing products as required under 35 U.S.C. § 287.

15

12.    ADT denies that Fractus has been damaged by ADT's alleged infringement, and contends that Fractus is not entitled to any monetary damages under any theory, including a reasonable royalty theory, nor is Fractus entitled to pre- and/or post-judgment interest. Alternatively, even if infringement of any Asserted Claim of the patents-in-suit is found, Fractus' proposed reasonable royalty is excessive and unsupported and any damages should be an amount no more than that presented through the testimony of Jeffery Andrien.  Moreover, damages should not be based on subscriber revenue, which does not depend on the apparatus claimed in the Asserted Patents.

13.    ADT contends that Fractus is not entitled to enhanced damages under 35 U.S.C. § 284 because Fractus has failed to meet, and cannot meet, the requirements for willful infringement.

14.    ADT contends Fractus is not entitled to any attorneys' fees under 35 U.S.C. § 285.

15.    ADT also contends that Fractus' claims for relief are limited or barred, in whole or in part, by 35 U.S.C. §§ 286, 287, and/or 288.

16.    ADT contends it is entitled to its attorneys' fees under 35 U.S.C. § 285, and any other relief the Court deems appropriate.

17.    ADT contends that Fractus is not entitled to any equitable relief, or any relief whatsoever.

18.    ADT objects to Fractus' contentions that were not properly disclosed as Fractus' contentions pursuant to the Court's Local and Patent Rules, other orders of the Court in this case, and the Federal Rules of Civil Procedure.

19.    ADT objects to any contention by Fractus that is subject to a currently pending motion in this matter.

20.     ADT objects to Fractus' contentions to the extent that they are inconsistent with the factual record or the law.

21.     ADT does not waive any of its pending or future filed motions, which, if granted, would render some or all of these issues or the issues in Fractus' contentions moot.

22.     That a contention appears in Fractus' contentions does not mean that ADT agrees that the contention is currently or has ever been live in the case.

## V.     STIPULATIONS AND UNCONTESTED FACTS

### A.     <u>Uncontested Facts</u>

1.     Fractus is a foreign corporation duly organized and existing under the laws of Spain with its principal place of business in Barcelona, Spain.

2.     Defendant ADT is organized under the laws of the State of Delaware with its principal place of business located at 1501 Yamato Road, Boca Raton, Florida 33431.

3.     The '365 Patent, entitled "Multi-Band Monopole Antennas for Mobile Communications Devices" was issued by the USPTO on June 4, 2013.

4.     The '887 Patent, entitled "Multi-Band Monopole Antenna for a Mobile Communications Device" was issued by the USPTO on March 18, 2014.

5.     The '103 Patent, entitled "Multiple-Body-Configuration Multimedia and Smartphone Multifunction Wireless Devices" was issued by the USPTO on May 27, 2014.

6.     Plaintiff Fractus is the assignee and owner of the patents-in-suit.

████████████████████████████████

B.   **Stipulations on Trial Management Procedures**

1.     Continued Meet-and-Confer. The parties will continue to meet and confer to attempt to resolve their objections to deposition designations and exhibits, and to identify additional potential stipulations, including stipulations related to the admissibility of exhibits, and will supplement these stipulations to the extent that additional stipulations are agreed by the parties.

2.     Demonstratives for Opening and Direct Examination. The parties will exchange copies of all forms of demonstratives that they plan to use during opening statements and direct examination—but not for cross-examination. [Fractus: For the avoidance of doubt, direct examinations include examination by a party of its own witness called adverse by the opposing party. The examination by an opposing party of a witness called adverse is a cross examination.] [ADT: For the avoidance of doubt, direct examinations are the initial examination by a party that called a witness, regardless of whether they are an adverse witness.]   The party seeking to use a demonstrative will provide, via email, a color representation of the demonstrative to the other side in PDF form. However, for video or animations, the party seeking to use the demonstrative will provide a copy to the other side via DVD, CD, email, or secure FTP or Dropbox/Box website. Any animations must be provided in executable form. For irregularly sized physical exhibits, the party seeking to use the demonstrative will provide, via email, a color representation as a PDF or 8.5 x 11 copies of the exhibits.

For demonstratives to be used during opening statements, the exchange will occur by 6:00 PM Central Time, one calendar day before opening statements. At 7:00 PM Central Time that same day, the non-offering party will notify the offering party of any objections to the proposed

opening statement Demonstratives or exhibits. The parties will meet and confer by 8:00 PM Central Time to attempt to resolve any objections or other issues relating to the disclosed Demonstrative and will submit an email to the Court regarding any remaining disputes by 8:30 PM Central Time. Demonstratives exchanged will not be used by the opposing party prior to being used by the disclosing party.

For demonstratives to be used with direct examination (but not for cross-examination) the exchange will occur by 7:00 PM Central Time on the night before their intended use. However, if a demonstrative has already been used during trial, the party need not disclose it again. The parties shall exchange objections to these demonstratives by 8:00 PM Central Time on the day the demonstratives are received

Non-substantive corrections of typographical type errors to demonstratives may be made prior to use, as long as these edits or corrections are reasonably disclosed in advance of their use.

    a.    This stipulation applies to demonstratives specifically created for the purpose of the trial and for illustrative purposes only, and do not include (1) demonstratives created in the courtroom during testimony or opening at trial; or (2) the enlargement, highlighting, ballooning, underlining, or the like, of trial exhibits or transcripts of trial testimony, or transcripts of deposition testimony for which objections have been cleared.

    b.    Demonstratives need not be included in the parties' respective exhibit lists.

    c.    Neither party will use the other party's own demonstratives before they are used by the disclosing party.

3.       [ADT:  Demonstratives  for  Closing.  The  parties  agree  to  exchange  binders containing a printed copy of any slides to be used during a party's closing argument immediately prior to giving its closing argument. To the extent a particular slide is not used in a party's closing, the other party may not use that slide.] [Fractus: Demonstratives for Closing.  The parties will exchange demonstratives for use in closing arguments that were not previously used by a party one hour before the start of the court day on which closings are to commence.  The parties will agree to a mutually-agreeable time to meet and confer concerning any disputes and to raise any issues with the Court once the time for closing arguments has been set. To the extent a particular slide is not used in a party's closing, the other party may not use that slide during its closing.]

4.       Non-Documentary and/or Live Demonstratives. The parties will make available for inspection all non-documentary demonstratives or live demonstratives, such as physical exhibits, physical prior art, or physical products, that they plan to use during direct examination or during opening or closing statements—but not for cross-examination—by 7:00 PM Central Time two nights before their intended use. The parties shall exchange objections to these non-documentary demonstratives or live demonstratives by 8:00 PM Central Time on the night before their intended use. Demonstratives previously displayed in the course of the trial need not be disclosed again. With the exception of physical exhibits or products, materials exchanged or made available under this paragraph will not be used by the opposing party prior to being used by the disclosing party.

5.       No Demonstratives to Jury. The Parties agree that demonstratives shall not go to the jury during deliberations.

6.       Witnesses. The parties will identify witnesses to be called live and by deposition (in the reasonably anticipated order of call) at 7:00 PM Central Time two nights before the day of

trial during which the witnesses are expected to testify. In other words, if a witness will testify on a Wednesday, the witness must be identified by 7:00 PM Central Time on Monday. If later events cause the need to remove a witness from a party's witness list, the parties agree to notify the other side as soon as possible. The parties will also exchange lists of exhibits they intend to use during direct examination [Fractus: including examination by a party of its own witness called adverse by the opposing party.] [ADT: including examination of all witnesses, regardless of whether they are being called adverse.] or by witnesses called by designation by 7:00 PM the night before their intended use, and an identification of the witnesses each such exhibit will be used with on direct examination or by designation.  The parties do not need to provide notice of exhibits to be used solely for impeachment or to be used during cross-examination. The parties shall exchange any objections by 8:00 PM Central on the day the lists are received. This stipulation does not apply to witnesses called adverse, which the parties will identify at 7:00 PM Central Time two nights before the day of trial during which the witnesses are expected to testify, but not their anticipated exhibits or demonstratives. The parties' disclosures will reflect a good faith estimate of the exhibits that will be used with a particular witness and reasonable efforts will be made to streamline disclosures such that they do not include excessive numbers of exhibits that do not ultimately get used.

   7. <u>Deposition Designations.</u> For each witness that a party intends to call by deposition, the party shall, by 7:00 PM Central Time three calendar days prior to the date the party intends to call such witness, provide the other side with a list of final designations that will be played.  The receiving party shall provide a final list of objections and counter-designations by 7:00 PM Central Time the day after designations are served. Objections to the counter designations are due by 8:00 PM the day counter designations are served. With respect to opening statements,

any transcripts of testimony must have been previously designated by the parties and cleared of outstanding objections before being shown to the jury during opening. [Fractus: Notwithstanding the foregoing, the parties may alter their deposition designations if evidence adduced at trial so warrants.] [ADT: Notwithstanding the foregoing, the parties may amend the list of final designations that will be played if evidence adduced at trial so warrants, but the party altering their designation will promptly, and no later than 7:00 PM Central time the night before the designation is to be played, provide an amended list of final designations to the other side.  The parties will meet and confer by 8:00 PM Central Time the night the amended list of designations is served.]

- Witnesses presented by video will be divided by the actual time for designations and counter-designations by each party. The parties shall provide the Court with a stipulated record of the total time allocated to each party's designations.

- If a party designates deposition testimony, and the other party counter-designates or provides rebuttal designations, both sides' designations will be read or played together.

- The party who seeks to introduce the deposition testimony will be responsible for preparing the video clips to be played, including the counter-designations made by the other side. [ADT: The party that seeks to read or play the deposition testimony must also provide the opposing party by 7:00 PM Central time one calendar day before the deposition testimony is to be played, a workable copy of the actual video recordings to be played (i.e., in

22

the order that they appeared at the deposition), regardless of who designated the testimony.][Fractus: Fractus opposes this requirement.]

- No objections, preambles, or exchanges between counsel in depositions will be played or read.

- Any deposition testimony may be used at trial for the purpose of impeachment, regardless of whether a party specifically identified that testimony on its list of deposition designations, if the testimony is otherwise competent for such purpose.

- Copies of exhibits referred to during the introduction of deposition testimony will be offered into the trial evidence record to the extent admissible and to the extent they are part of the exhibit lists.

8.      Other Use of Deposition Testimony. Any deposition testimony may be used at trial for the purpose of impeachment assuming that the proper foundation for impeachment has been laid, regardless of whether a party specifically identified that testimony on its list of deposition designations, if the testimony is otherwise competent for such purpose. Deposition testimony used for impeachment purposes does not need to be disclosed prior to its use. When a party uses deposition testimony for impeachment, the party may elect to either play the deposition testimony by video or to read the deposition testimony live (in either case the transcript may be displayed to the jury), unless the Court orders otherwise.

9.      <u>Resolution of Objections.</u> Excluding objections to opening and closing statement demonstratives, the parties will meet and confer regarding any objections at 8:30 PM Central on the night the objections are exchanged. Any unresolved objections will be raised with the Court by email directed to the Court's law clerk(s) no later than 10:00 PM Central Time for resolution

the next morning outside the presence of the jury.  If parties cannot resolve objections as to demonstratives, exhibits, witnesses, or deposition designations according to the procedures identified above, the parties will submit in a single joint email to the Court a brief paragraph stating each party's position on each dispute and any relevant supporting materials or any other format that the Court may otherwise specify.

10.     Native Versions of Exhibits. The parties may use electronic, native versions of exhibits that are included on the exhibit list in native format. Counsel who entered the electronic exhibits into evidence will work with the Court to provide a means for jurors to access and review these exhibits during deliberations.

11.     Exhibit List Descriptions.  The parties agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the document.  If a party amends its exhibit list, adding a withdrawn or newly produced exhibit, it will promptly notify the opposing party and serve an amended exhibit list.  The parties reserve their right to object to any added exhibits.

12.     Use of Exhibits During Opening. The parties agree that any exhibit pre-admitted at the time of opening statements may be shown to the jury during opening statements if the exhibit will be the subject of testimony and explained to the jury by a witness at trial. The parties will not use any non-preadmitted exhibits or undisclosed demonstratives in opening statements.

13.     Use of Other Party's Exhibits and Designations.  Each party reserves the right to use exhibits and deposition designations from the other party's trial exhibit list and designations, even if not separately listed on its own list. Each party also reserves the right to use deposition counter designations as part of its affirmative designations, and any initial or counter designations

24

as counter designations. The parties agree to edit out attorney objections and colloquy from the deposition clips. The parties also agree that each deposition will be played in order of the witness's testimony at the deposition, rather than, e.g., playing all initial designations followed by all counter-designations.

14.     Materials Designated Confidential. Pursuant to Paragraph 17 of this Court's Joint Protective Order (Dkt. 45), including, at the appropriate time, requesting for the courtroom to be sealed if the party desires to introduce such confidential information[2], nothing shall be deemed to prevent the parties from introducing any Designated Material into evidence at the trial of this Action, or from using any information contained in Designated Material at the trial of this Action.

15.     Witness Binders. The parties agree that there is no requirement to prepare a binder of evidence or demonstratives for a witness; however, if a party provides a binder to a witness, the party will provide at least one copy to the opposing side at the same time the binder is presented to the witness.

16.     Notice of Intent to Rest. A party will provide to the Court and the other party a good-faith notice that it expects to rest by 5:00 PM Central Time or prior to leaving court, whichever is later, the day before that party expects to rest and provide a good-faith estimate of how much additional trial time the party expects to use before resting.

17.     List of Admitted Exhibits. The parties agree to exchange lists of "Admitted Exhibits" by 10:00 PM the night before the lists are to be submitted to the Court.

---

[2] Each party retains the right to oppose the other party's request to seal the courtroom.

18.     [ADT: Closing Format. Plaintiff must make its closing argument on all issues in its first closing and may not save any issues to address solely in a rebuttal closing.] [Fractus: Fractus opposes this provision.]

C.     **Stipulations on Evidentiary Issues**

19.     The parties will endeavor to enter into a Joint Stipulation Regarding Business Records regarding the status of certain documents that the parties agree satisfy the requirements of Federal Rule of Evidence 803(6)(A), (B), and (C).

20.     The parties will endeavor to enter into a stipulation on the authenticity of exhibits.

## VI.   CONTESTED ISSUES OF FACT AND LAW

The parties set forth below their contested issues of fact and law for trial. The parties reserve all rights and objections.

Plaintiff Fractus's Contested Issues:

1.     Whether ADT infringes one or more of the asserted claims of the patents-in-suit.

2.     When ADT knew of the patents-in-suit.

3.     Whether, on or after the date ADT knew of the patents-in-suit, ADT's infringement became willful, thus entitling Fractus to enhanced damages.

4.     Whether Fractus is entitled to damages to compensate for ADT's alleged infringement and—if so—the amount of such damages; whether Fractus is entitled to an ongoing royalty.

5.     Whether ADT can prove by clear and convincing evidence that the asserted claims of the patents-in-suit are invalid for any reason.

6.      Whether this case is an exceptional case entitling Fractus to attorneys' fees and costs and, if so, in what amount.

7.      Whether Fractus is entitled to attorneys' fees and costs and, if so, in what amount.

8.      Whether Fractus is entitled to pre- and post-judgment interest and, if so, in what amount.

Defendant's Contested Issues (in addition to Plaintiff's contested issues):

1.      Whether Fractus has shown by a preponderance of the evidence that ADT directly infringes or directly infringed the patents-in-suit.

2.      Whether Fractus has shown by a preponderance of the evidence that ADT indirectly infringes or indirectly infringed the patents-in-suit.

3.      Whether Fractus has shown by a preponderance of the evidence that ADT willfully infringes or has willfully infringed the Patent-on-Suit.

4.      Whether Fractus has met its burden to show that Fractus complied with the marking requirement under 35 U.S.C. § 287 or otherwise provided actual notice for its claim for the patents-in-suit.

5.      Whether ADT has proven by clear and convincing evidence that any Asserted Claim of the patents-in-suit is anticipated and/or obvious.

6.      Whether ADT has proven by clear and convincing evidence that any Asserted Claim of the patents-in-suit is invalid for failure to comply with the Written Description Requirement of 35 U.S.C. § 112.

7.      Whether Fractus is entitled to damages to compensate it for ADT's infringement of the patents-in-suit and, if so, the dollar amount to compensate Fractus for ADT's alleged infringement of the patents-in-suit.

8.      Whether Fractus is entitled to enhanced damages pursuant to 35 U.S.C. § 284  and, if so, in what amount.

9.      Whether this case is an exceptional case pursuant to 35 U.S.C. § 285 and whether Fractus or ADT is entitled to an award of attorneys' fees.

10.      Whether Fractus is entitled to prejudgment and post-judgment interest, and if so, in what amount.

11.      Whether Fractus is entitled to any equitable relief in the event that ADT is found to infringe any of the patents-in-suit.

The Parties do not waive any pending or future filed motions, which, if granted, would render some or all of these contested issues moot.

## VII.    LIST OF WITNESSES AND DEPOSITION DESIGNATIONS

Fractus's witness list (with ADT's objections) is attached as Exhibit 1. Fractus's deposition designations (with ADT's objections and counter-designations, and Fractus's objections to counter-designations) are attached as Exhibit 2.

ADT's witness list (with Fractus's objections) is attached as Exhibit 3. ADT's deposition designations (with Fractus's objections and counter-designations, and ADT's objections to counter-designations) are attached as Exhibit 4.

## VIII.   EXHIBIT LISTS

28

The parties' Joint Exhibit List is attached as Exhibit 5. Fractus's Party Exhibit List (with ADT's objections) is attached as Exhibit 6. ADT's Party Exhibit List (with Fractus's objections) is attached as Exhibit 7.

## IX.   PROPOSED JURY INSTRUCTIONS AND VERDICT FORMS

The parties' proposed jury instructions—with any areas of disagreement noted—are attached as Exhibit 8. The parties' proposed verdict form—with any areas of disagreement noted—are attached as Exhibit 9.

Exhibit 10 reflects the attribution of docket entries to 22-cv-412 per page 5 of the Fourth Amended DCO (Dkt. 200).

## X.   LIST OF PENDING MOTIONS

1.      Dkt. 122: Fractus's Motion to Strike to Strike ADT's Late-Disclosed Non-Infringing Alternatives.

2.      Dkt. 134: Fractus's Motion to Exclude in Part the Expert Disclosure and Testimony of Dr. Martin Feuerstein.

3.      Dkt. 135: Fractus's Motion to Exclude in Part the Expert Disclosure and Testimony of Dr. Manos Tentzeris

4.      Dkt. 136: Fractus's Motion to Exclude in Part the Expert Disclosure and Testimony of Mr. Robert Andrien

5.      Dkt. 137: ADT's Motion to Exclude in Part the Expert Disclosure and Testimony of Mr. Robert Mills

6.      Dkt. 138: ADT's Motion for Summary Judgment of Non-Infringement

7.      Dkt. 174: ADT's Motion to Continue the Trial Date

8.    Dkt. 186: ADT's Motions *in Limine*

9.    Dkt. 191: Fractus's Motions *in Limine*

## XI.    LENGTH OF TRIAL

Jury Trial

The parties estimate that the jury trial will last 5 days or 12[3] hours per side, excluding opening, closing, and *voir dire*).  The parties believe that the Court should allocate:

- 30 minutes per side for *voir dire*;

- 30 minutes per side for opening statements;

- 40 minutes per side for closing statement.

## XII.    CERTIFICATIONS

The undersigned counsel to the Parties hereby certify and acknowledge the following on behalf of their respective parties:[4]

1.    Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders.

2.    The parties have complied with discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders.  The parties have stipulated and moved this Court on various issues altering discovery limitations, which have been approved by this Court.

---

[3] To the extent the Court grants additional time, the parties agree it should be split evenly.

[4] For the avoidance of doubt, neither party certifies that the other party has complied with the certifications below and expressly reserves the right to contest the adequacy of the other party's disclosures, discovery compliance, and exhibit disclosure.

3.      Each exhibit in the Exhibit Lists attached: (a) is in existence; (b) is numbered; and

(c) has been disclosed and shown to opposing counsel.


DATED: May 28, 2024

Respectfully submitted,

*/s/ Max L. Tribble*
Max L. Tribble
TX State Bar No. 20213950
mtribble@susmangodfrey.com
Joseph S. Grinstein
TX State Bar No. 24002188
jgrinstein@susmangodfrey.com
Justin A. Nelson
TX State Bar No. 24034766
jnelson@susmangodfrey.com
Susman Godfrey L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

Genevieve Vose Wallace
WA State Bar No. 38422
gwallace@susmangodfrey.com
Kelsey Tuohy
ktuohy@susmangodfrey.com
Susman Godfrey L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Phone: (206) 516-3880
Fax: (206) 516-3883

J. Craig Smyser
TX State Bar No. 24117083
csmyser@susmangodfrey.com
Susman Godfrey L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330

Respectfully submitted,

*/s/ Michael E. Zeliger*
Michael E. Zeliger (pro hac vice)
Ranjini Acharya (pro hac vice)
**Pillsbury Winthrop Shaw Pittman LLP**
michael.zeliger@pillsburylaw.com
ranjini.acharya@pillsburylaw.com
2550 Hanover Street
Palo Alto, CA 94304-1115
Telephone: 650.233.4500
Fax: 650.233.4545

Steven Tepera (24053510)
**Pillsbury Winthrop Shaw Pittman LLP**
steven.tepera@pillsburylaw.com
401 Congress Avenue, Suite 1700
Austin, TX 78701-3797
Phone: 512.580.9600
Fax: 512.580.9601

David A. Simons (pro hac vice)
**Pillsbury Winthrop Shaw Pittman LLP**
david.simons@pillsburylaw.com
1650 Tysons Boulevard, 14th Floor
McLean, VA 22102-4856
Phone: 703.770.7900
Fax: 703.770.7901

Eric C. Rusnak
Theresa A. Roozen (pro hac vice)
**Pillsbury Winthrop Shaw Pittman LLP**
eric.rusnak@pillsburylaw.com
theresa.roozen@pillsburylaw.com
1200 17th St NW
Washington, DC 20036

31

Facsimile: (212) 336-8340

S. Calvin Capshaw
TX Bar No. 03783900
ccapshaw@capshawlaw.com
Elizabeth L. DeRieux
TX Bar No. 05770585
ederieux@capshawlaw.com
Capshaw Derieux, L.L.P.
114 East Commerce Avenue
Gladewater, Texas 75647
Telephone: (903) 845-5770

T. John Ward, Jr.
TX Bar No. 00794818
jw@wsfirm.com
Claire Abernathy Henry
TX Bar No. 24053063
claire@wsfirm.com
Andrea L. Fair
TX Bar No. 24078488
andrea@wsfirm.com
Ward, Smith & Hill, PLLC
P.O. Box 1231
Longview, Texas 75606-1231
Telephone: (903) 757-6400
Facsimile: (903) 757-2323
***Attorneys for Plaintiff***

Phone: 202.663.8000
Fax: 202.663.8007

***Attorneys for Defendant ADT LLC***

32

**CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2024 a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service by email.

*/s/ Max L. Tribble*
Max L. Tribble, Jr.

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document and supporting declarations hereto are being filed under seal pursuant to the Protective Order entered in this matter.

*/s/ Max L. Tribble*
Max L. Tribble, Jr.

4856-2268-4097.v9